# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| HENRY'S LOUISIANA GRILL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO. _____ |
| | ) | |
| HENRY'S MIDTOWN LLC, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Henry's Louisiana Grill, Inc. ("Plaintiff" or "Henry's") for its complaint against Defendant, Henry's Midtown LLC d/b/a Henry's Midtown Tavern ("Defendant"), alleges as follows:

1.

This is a civil action under the laws of the United States, specifically the Lanham Act, 15 U.S.C. § 1051, *et seq*., for trademark infringement under the Lanham Act, 15 U.S.C. § 1114, for false designation of origin in connection with services  under the Lanham Act, 15 U.S.C. § 1125(a), for dilution of a famous mark under the Lanham Act, 15 U.S.C. § 1125(c), and for cybersquatting under the Lanham Act, 15 U.S.C. § 1125(d), to which are joined substantial and related claims which arise under state law.

## PARTIES, JURISDICTION, AND VENUE

2.

Plaintiff is a Georgia Corporation with its principal place of business at 4835 N. Main Street, Acworth, Georgia, 30101.

3.

On information and belief, Defendant is a Georgia limited liability company with its principal place of business at 980 Piedmont Avenue, N.E., Atlanta Georgia, 30309. Defendant may be served through its registered agent, Trusted Counsel (Ashley) LLC, which is located within this district and division at 1201 Peachtree Street, N.E., Suite 500, Atlanta, Georgia, 30361.

4.

This Court has subject matter jurisdiction over this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction over Plaintiff's related state and common-law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

5.

This Court has personal jurisdiction over the Defendant because, on information and belief, Defendant is a Georgia Limited Liability Company, Defendant's principal place of business is within this judicial district, Defendant

transacts business in the State of Georgia, Defendant has committed tortious acts within the State of Georgia, and Defendant has derived substantial revenue and engaged in a persistent course of conduct within the State of Georgia, and the claims alleged herein arise out of such acts and/or have otherwise established contacts within the State of Georgia making the exercise of personal jurisdiction over the Defendant proper.

6.

Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because the Defendant resides within this judicial district, and a substantial part of the events giving rise to Plaintiff's claim has occurred within this judicial district and, unless enjoined, will continue to occur within this judicial district.

## FACTS COMMON TO ALL CAUSES OF ACTION

7.

Plaintiff is the owner of several federal and Georgia trademark registrations, including HENRY'S (GA Reg. No. S-21157), HENRY'S LOUISIANA GRILL (U.S. Reg. No. 2980595), HENRY'S LOUISIANA GRILL (GA Reg. No. S-21158), HENRY'S LOUISIANA GRILL EST 2000 (GA Reg. No. S-26522), and HENRY'S LOUISIANA GRILL 2000 & DESIGN (GA Reg. No. T-26543)

(collectively, the "HENRY'S Marks"). Henry's is also the owner of the pending but allowed trademark registration for HENRY'S LOUISIANA GRILL (Serial No. 85/713,243). Copies of the registrations for these marks are attached hereto as Exhibits 1-6 and fully incorporated herein by reference.

8.

These registrations grant Henry's the exclusive right to use the HENRY'S Marks in Georgia and nationwide in connection with restaurant and catering services.

9.

Plaintiff has used the HENRY'S Marks in connection with its goods, restaurant, and catering services since 2000 and has made significant investments of time, money and other resources to promote and maintain the integrity and goodwill of its highly regarded products and services. As a result of these efforts, Plaintiff enjoys a reputation of the highest quality under the name "Henry's," which mark represents an enormous amount of goodwill.

10.

Plaintiff's U.S. Reg. No. 2980595 for HENRY'S LOUISIANA GRILL has become "incontestable." As a result, this mark is "strong" and is presumed to have acquired secondary meaning, linking Plaintiff to this mark.

11.

Plaintiff has gone to great lengths to develop the HENRY'S Marks and through these efforts, the HENRY'S Marks have become widely associated with Plaintiff's business and its quality food.

12.

On information and belief, Defendant began operating a restaurant in Atlanta, Georgia in 2013—long after Plaintiff began its operations and use of the HENRY'S Marks. Defendant's restaurant is named: "Henry's Midtown Tavern."

13.

On information and belief, Defendant knew of Plaintiff's HENRY'S Marks at least as early as January 2013.

14.

As part of its business, Defendant has registered and used the Internet domain name: henrysatl.com (the "Accused Domain Name").

15.

Plaintiff became aware of Defendant's restaurant and Defendant's unlawful use of the HENRY'S Marks in 2015.

16.

On information and belief, the Defendant's food and services is of inferior quality.

17.

On or about October 28, 2015, Plaintiff, through its counsel, sent a letter to Defendant demanding that Defendant cease and desist from all further infringement of the HENRY'S Marks.

18.

In response, Defendant, has explicitly refused to cease and desist from its infringing activity.

19.

Defendant's knowingly infringing use of the HENRY'S Marks: (i) is likely to cause confusion in the marketplace with respect to the goods and services associated with the HENRY'S Marks, (ii) is irreparably harming Plaintiff's reputation and goodwill, and (iii) constitutes willful trademark infringement and unfair competition in violation of federal and state law.

## COUNT I: FEDERAL TRADEMARK INFRINGEMENT

### 20.

Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 19 as if set forth fully herein.

### 21.

One or more of Plaintiff's HENRY'S Marks are registered federally in connection with, at least, restaurant and catering services.

### 22.

By reason of the foregoing unauthorized use of reproductions, copies, or colorable imitations of one or more of the HENRY'S Marks, the Defendant has knowingly and improperly used in commerce at least one mark that is confusingly similar to one or more of Plaintiff's HENRY'S Marks.

### 23.

Plaintiff's conduct is likely to cause confusion, deception, and/or mistake as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities by Plaintiff.

24.

As a result of its actions, Defendant has been, and is currently, infringing upon Plaintiff's rights, under federal trademark law, in violation of 15 U.S.C. § 1114.

25.

Plaintiff has been damaged, and has suffered, and will continue to suffer, irreparable harm unless Defendant's conduct is enjoined. Plaintiff has no adequate remedy at law.

26.

Plaintiff seeks judgment against Defendant for all relief available to it under the Lanham Act, including injunctive relief, attorney's fees, costs, Defendant's profits and actual damages (to be multiplied to an amount not exceeding three times such actual damages) and profits pursuant to 15 U.S.C. §§ 1116 and 1117(a), and such other further, different relief as the court may deem appropriate.

## COUNT II: STATE TRADEMARK INFRINGEMENT

27.

Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 19 as if set forth fully herein.

28.

Plaintiff owns the Georgia trademark registrations for HENRY'S (GA Reg. No. S-21157), HENRY'S LOUISIANA GRILL (GA Reg. No. S-21158), HENRY'S LOUISIANA GRILL EST 2000 (GA Reg. No. S-26522), and HENRY'S LOUISIANA GRILL 2000 & DESIGN (GA Reg. No. T-26543) (collectively, the "HENRY'S Georgia Marks"), which marks have been properly registered under the laws of the State of Georgia, O.C.G.A. § 10-1-440, *et seq*.

29.

By reason of the foregoing unauthorized use, Defendant has knowingly and improperly used at least one mark that is confusingly similar to one or more of Plaintiff's HENRY'S Georgia Marks.

30.

Plaintiff's conduct is likely to cause confusion, deception, and/or mistake as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities by Plaintiff.

31.

As a result of its actions, Defendant has been, and is currently, infringing upon Plaintiff's rights, under Georgia trademark law, in violation of O.C.G.A. § 10-1-450.

32.

Plaintiff has been damaged, and has suffered, and will continue to suffer, irreparable harm unless Defendant's conduct is enjoined. Plaintiff has no adequate remedy at law.

33.

Plaintiff seeks judgment against Defendant for all relief available to it under Georgia law, including injunctive relief, statutory damages or in the alternative actual damages and/of Defendant's profits, pursuant to O.C.G.A. §§ 10-1-450, 10-1-451, and 10-1-451(a), and such other further, different relief as the court may deem appropriate.

## COUNT III: FEDERAL UNFAIR COMPETITION – FALSE DESIGNATION OF ORIGIN

34.

Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 19 as if set forth fully herein.

35.

This count arises under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

36.

Defendant's use of one or more of the HENRY'S Marks is a knowingly false description or representation or false designation of origin as to the goods and services offered by it in commerce, which has and is likely to continue to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of the Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods and services by Plaintiff.

37.

Plaintiff has been damaged, and has suffered, and will continue to suffer, irreparable harm unless Defendant's conduct is enjoined. Plaintiff has no adequate remedy at law.

38.

Plaintiff seeks judgment against Defendant for all relief available to it under the Lanham Act, including injunctive relief, attorney's fees, costs, Defendant's profits and actual damages (to be multiplied to an amount not exceeding three times such actual damages and profits pursuant to 15 U.S.C. § 1117), and such other further, different relief as the court may deem appropriate.

## COUNT IV: GEORGIA STATUTORY UNFAIR COMPETITION

39.

Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 19 as if set forth fully herein.

40.

Defendant's actions as alleged herein constitute intentionally deceptive encroachment upon Plaintiff's business and a fraud in violation of O.C.G.A. § 23-2-55.

41.

Defendant's conduct as alleged herein has been willful and intentional and has caused a likelihood of confusion.

42.

Plaintiff has been damaged, and has suffered, and will continue to suffer, irreparable harm unless Defendant's conduct is enjoined. Plaintiff has no adequate remedy at law.

## COUNT V: COMMON LAW UNFAIR COMPETITION, PASSING OFF

43.

Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 19 as if set forth fully herein.

44.

Defendant's conduct is in violation of the common law proscribing unfair competition and passing off. Such conduct was done intentionally or fraudulently, with full knowledge that it violated Plaintiff's proprietary interest in the HENRY'S Marks and with intent to deceive.

45.

Plaintiff has been damaged, and has suffered, and will continue to suffer, irreparable harm unless Defendant's conduct is enjoined. Plaintiff has no adequate remedy at law.

## COUNT VI: FEDERAL TRADEMARK DILUTION

46.

Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 19 as if set forth fully herein.

47.

This count arises under 15 U.S.C. § 1125(c).

48.

Through continuous and exclusive use, the HENRY'S Marks have become widely associated with the high quality of service and products offered by Plaintiff.

49.

Defendant's unauthorized use of one or more of the HENRY'S Marks will tend to and does dilute the distinctive quality of said marks and will diminish and destroy the public association of said mark with Plaintiff.

50.

Defendant willfully used one or more of the HENRY'S Marks.

51.

Plaintiff has been damaged, and has suffered, and will continue to suffer, irreparable harm unless Defendant's conduct is enjoined. Plaintiff has no adequate remedy at law.

## COUNT VII: STATE LAW SERVICE MARK
## AND TRADE NAME DILUTION

52.

Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 19 as if set forth fully herein.

53.

This claim arises under O.C.G.A. §§ 10-1-451(b) and is for dilution of the distinctive quality of a service mark and trade name.

54.

The use of a designation closely resembling one or more of the HENRY'S Marks and the established trade name is likely to injure the business reputation of Plaintiff, because such use is in no way under the control of Plaintiff and the value and quality of the goods and service that Defendant may offer do not meet the quality standards of Plaintiff for its goods and services identified under the HENRY'S Marks.

55.

The use of one or more of the HENRY'S Marks by Defendant will tend to and does dilute the distinctive quality of the HENRY'S Marks and their exclusive association with Plaintiff.

56.

Plaintiff has been damaged, and has suffered, and will continue to suffer, irreparable harm unless Defendant's conduct is enjoined. Plaintiff has no adequate remedy at law.

## COUNT VIII: CYBERSQUATTING

57.

Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 19 as if set forth fully herein.

58.

This count arises under 15 U.S.C. § 1125(d)(1).

59.

Defendant's wrongful acquisition and continued registration and use of the Accused Domain Name, and use of a web site at that address to promote and use Defendant's business is evidence that Defendant's use was intended to create profit from consumer confusion and Plaintiff's reputation and goodwill.

60.

Defendant's acts constitute cybersquatting in violation of 15 U.S.C. § 1125(d)(1).

61.

Plaintiff is entitled to recover from the Defendant: (1) Defendant's profits, (2) any damages sustained by Plaintiff, and (3) the costs of the instant action. Further, based upon the willful nature of Defendant's violation of Plaintiff's trademark rights, Plaintiff is entitled to reasonable attorney's fees and the trebling of such profits or damages. Plaintiff is also entitled to an order transferring the infringing domain name and any other domain name incorporating a mark identical or confusingly similar to one or more of the HENRY'S Marks to Plaintiff.

## COUNT IX: VIOLATION OF GEORGIA DECEPTIVE TRADE PRACTICES ACT

62.

Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 19 as if set forth fully herein.

63.

This count arises under O.C.G.A. §§ 10-1-372 and 10-1-373.

64.

Defendant has engaged in a deceptive trade practice because it has willfully passed off its services as those of another, has caused likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of its

services or as to affiliation, connection, or association with or certification by another, or has represented that its services have sponsorship or approval that they do not have.

65.

Plaintiff has been damaged, and has suffered, and will continue to suffer, irreparable harm unless Defendant's conduct is enjoined. Plaintiff has no adequate remedy at law.

66.

Plaintiff seeks judgment against Defendant for all relief available to it under the Georgia Deceptive Trade Practices Act, including injunctive relief, attorney's fees, costs, and such other further and different relief as the court may deem appropriate, including damages and profits as may be available at common law.

## COUNT X: UNJUST ENRICHMENT

67.

Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 19 as if set forth fully herein.

68.

Defendant's actions as alleged herein have been conducted with the purpose and effect of deriving unjust benefit from deceiving and misleading the public as to the nature, character, and origin of Defendant's products and services.

69.

Defendant's actions have resulted in, and are likely to further result in, the unjust enrichment and/or benefit of Defendant at the expense of Plaintiff, requiring restitution.

70.

Defendant's conduct as alleged herein has been willful and intentional and has caused a likelihood of confusion.

71.

Plaintiff has been damaged, and has suffered, and will continue to suffer, irreparable harm unless Defendant's conduct is enjoined. Plaintiff has no adequate remedy at law.

## COUNT XI: CLAIM FOR EXPENSES OF LITIGATION AND ATTORNEY FEES

### 72.

Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 19 as if set forth fully herein.

### 73.

Defendant has acted in bad faith, has been stubbornly litigious and has caused Plaintiff unnecessary trouble and expenses entitling Plaintiff to reasonable attorney fees and expenses of litigation.

## COUNT XII: APPLICATION FOR TEMPORARY RESTRAINING ORDER, INTERLOCUTORY INJUNCTION AND PERMANENT INJUNCTION

### 74.

Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 19 as if set forth fully herein.

### 75.

As shown from the facts contained herein, Plaintiff has suffered, and will continue to suffer, immediate and irreparable injury unless Defendant is enjoined from the use of the HENRY'S Marks or colorable imitations of same, as set forth herein.

76.

Plaintiff has been damaged, and has suffered, and will continue to suffer, irreparable harm unless Defendant's conduct is enjoined. Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant as follows:

A.   That the court declare, adjudge and decree that the Defendant, by its actions has willfully and knowingly infringed, and is now willfully and knowingly infringing, upon Plaintiff's rights under the applicable federal and state trademark law, with the intent to cause confusion, mistake or to deceive.

B.   That Defendant, its officers, agents, employees, servants, attorneys, and all persons in active concert or participation with it be enjoined as follows:

1.   From using the name "Henry's," using the HENRY'S Marks or any mark similar to the HENRY'S Marks;

2.   From use of the name "Henry's" (and any similar marks) in any domain name used by Defendant, and terminate the use of any meta

tags or key words that use the name "Henry's" or any similar wording used in any way to direct traffic to its website;

3.      From committing any acts calculated to cause purchasers or consumers to believe that the Defendant's products or services originate with or are produced or sold under the control and supervision of Plaintiff, or are affiliated, connected, associated, sponsored, guaranteed or approved by Plaintiff;

4.      From further diluting and infringing Plaintiff's HENRY'S Marks and damaging its goodwill; and

5.      From otherwise competing unfairly with Plaintiff in any manner.

C.      That Defendant, and all of Defendant's officers and directors, agents, suppliers, servants, employees, and attorneys, and all persons acting in concert and participation with them, be ordered to perform the following acts:

1.      Destroy and/or revise, as appropriate, any and all marketing and sales materials to delete any use of the HENRY'S Marks (and any marks similar to the HENRY'S Marks);

2.     Remove all references to the name "Henry's" (and any similar marks) from Defendant's website;

3.     Cease and desist from any use of the name "Henry's" (and any similar marks) in any domain name used by Defendant, and terminate the use of any meta tags or key words that use the name "Henry's" or any similar wording used in any way to direct traffic to Defendant's website;

4.     File with this Court and serve on Plaintiff's counsel within ten (10) days of the entry of this Order, a report in writing under oath, setting forth the manner and form in which Defendant, and all of Defendant's officers and directors, agents, suppliers, servants, employees and attorneys, and all persons acting in concert and participation with them have complied with this Order; and

5.     Transfer the Accused Domain Name to the Plaintiff.

D.     That Defendant be required to account for and pay to Plaintiff all profits derived by Defendant resulting from its use of the HENRY'S Marks.

E.     That Plaintiff be awarded treble damages under the Lanham Act.

F.     That Plaintiff be awarded statutory, compensatory, and/or punitive damages under Georgia law.

G.      That Plaintiff be awarded its costs and attorney's fees.

H.      That Plaintiff be awarded prejudgment interest.

I.      That Plaintiff be granted such further and different relief as the case may require and as the court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests a trial by jury of all issues so triable.

Respectfully submitted this 21st day of December, 2015.

BARNES & THORNBURG LLP

*/s/ Jeffrey C. Morgan*

James J. Leonard
Georgia Bar No. 446655
jim.leonard@btlaw.com
Jeffrey C. Morgan
Georgia Bar No. 522667
jeff.morgan@btlaw.com
Prominence in Buckhead
3475 Piedmont Rd., NE, Suite 1700
Atlanta, Georgia 30305
Tel. (404) 864-1693
Fax. (404) 264-4033

Attorneys for Henry's Louisiana Grill, Inc.